848 F.2d 1245
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Vearl HANSEN and Loa Hansen, Plaintiff-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 87-1608.
 United States Court of Appeals, Federal Circuit.
 May 16, 1988.
 
 Before MARKEY, Chief Judge, DAVIS, Circuit Judge, and BALDWIN, Senior Circuit Judge.
 DAVIS, Circuit Judge.
 DECISION
 The decision of the United States Claims Court (Lydon, J.), granting the Government's motion for summary judgment and dismissing the complaint, is affirmed.
 
 OPINION
 
 1
 This case is comparable to Smithson v. United States, No. 87-1459 (Fed.Cir.May 11, 1988), but raises some different questions. Appellants Hansen are farmers who entered into a series of loans with the Farmers Home Administration (FmHA) from 1980 through 1982, and who were denied by FmHA additional loans in 1983 and 1984. They filed suit in the United States Claims Court seeking damages for alleged breaches of contractual and regulatory obligations by the FmHA. The Government moved to dismiss the complaint for lack of jurisdiction or, in the alternative, for summary judgment. The Claims Court held that it had jurisdiction because the regulations asserted to have been violated were money-mandating but ruled for the Government, on the motion for summary judgment, that FmHA had not acted arbitrarily or capriciously nor had it abused its discretion.
 
 
 2
 1. For the reasons given in Part III of Smithson, supra, we agree with the Claims Court that the FmHA regulations were not incorporated into the Hansens' contractual arrangements with FmHA, and therefore that appellants cannot treat violations of the regulations as contractual breaches. On this appeal, the Hansens do not contend otherwise.
 
 
 3
 2. We have doubt that the regulations discussed by the Claims Court were (as that tribunal held) money-mandating in the sense of Eastport Steamship Corp. v. United States, 372 F.2d 1002, 1007 (Ct.Cl.1967),[1] but on this appeal the Government does not challenge that ruling and we will therefore assume arguendo its correctness.
 
 
 4
 3. The merits of the Government's motion for summary judgment (granted by Judge Lydon) mainly involve FmHA's refusal in 1983 and 1984 to grant the Hansens' applications for further loans primarily designed to help them build a potato storage facility. In this connection, appellants argue that (1) FmHA failed to give them an explanation of available services and an opportunity to acquire proper financing; (2) FmHA failed properly to evaluate the Hansens' loan applications; (3) FmHA failed to provide them with "management assistance"; and (4) FmHA failed properly to service appellants' loans.
 
 
 5
 In a comprehensive opinion Judge Lydon dealt with each of these charges in detail and concluded that appellants had neither shown a violation of the pertinent regulations nor raised a genuine issue as to such violations. The court specifically observed that the Hansens had resorted "in essence to mere conclusory assertions or mere assertions of counsel" and as such this case did not raise a genuine issue of material fact sufficient to preclude the grant of summary judgment. The court also pointed out the discretion residing in FmHA with respect to the making of loans and determined that the Hansens had not proved, or raised a genuine issue, that the agency's conduct toward them was unreasonable, arbitrary, capricious, or an abuse of discretion.
 
 
 6
 We have no reason to disagree with, or depart from, Judge Lydon's careful conclusions. It was correct for him to hold, as he did, that the Government's motion for summary judgment should be granted and the complaint dismissed.
 
 
 
 [1]
 The Smithson appellants did not contend that the regulations, in and of themselves, mandate the payment of money